James L. Sanders (SBN 126291)
Email: jsanders@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
Arminak & Associates, LLC and
Mark Box

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual,

Plaintiffs,

vs.

ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; MARK BOX, an individual; and Does 1 through 10, inclusive,

Defendants.

Case Number: 2:16-cv-03382 JAK (SSx)

**DEFENDANTS ARMINAK & ASSOCIATES, LLC AND MARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSOLIDATION OF CASE NUMBER 2:16-cv-03519 AND CASE NUMBER 2:16-cv-03382**

Date: October 3, 2016
Time: 8:30 a.m.
Place: Courtroom 750

Honorable John A. Kronstadt

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. BOTH OF PLAINTIFFS' LAWSUITS ARISE FROM THEIR SALE OF ARMINAK LLC ........ 2

A. Plaintiffs' Damages Lawsuit - Case Number 2:16-cv-03519 ........ 2

B. Plaintiffs' Defamation Lawsuit - Case Number 2:16-cv-03382 ........ 3

III. CONSOLIDATION OF PLAINTIFFS' ACTIONS IS JUSTIFIED ........ 4

IV. BOTH OF PLAINTIFFS' LAWSUITS SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK ........ 7

V. THE RELATED STATE COURT ACTION IS IRRELEVANT TO CONSOLIDATION ........ 8

VI. CONCLUSION ........ 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
134 S. Ct. 568 (2013) ........ 8

*Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*,
877 F.2d 777 (9th Cir. 1989) ........ 4

*Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*,
2011 WL 4965111 (C.D. Cal. Oct. 18, 2011) ........ 5

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
303 F. Supp. 2d 1027 (N.D. Cal. 2003) ........ 5, 6

*Perez-Funez v. Dist. Dir., I.N.S.*,
611 F. Supp. 990 (C.D. Cal. 1984) ........ 4

*Townsley v. Hydro Int'l LLC*,
2010 WL 3070387 (C.D. Cal. Aug. 2, 2010) ........ 6

**Statutes**

Cal. Bus. & Prof. Code § 16601 ........ 4

Cal. Bus. & Prof. Code § 17200 ........ 2

**Rules**

Fed. R. Civ. P. 42(a) ........ 4

**Other Authorities**

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-C, § 1:138 ........ 4, 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Memorandum is being filed pursuant to this court's Order requesting supplemental briefing on the issue of whether 2:16-cv-03382 and 2:16-cv-03519 should be consolidated.

Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs")[1] filed two lawsuits based on the Purchase Agreements[2] that they entered into for the $110 million sale of their business, Arminak and Associates, LLC ("Arminak LLC"), to Rieke-Arminak Corporation ("Rieke"). In conjunction with the sale of their business, and referenced in and incorporated by the Purchase Agreements, Plaintiffs and former Plaintiff, Abadjian, entered into agreements to stay on as executives following the sale of Arminak LLC.[3] Plaintiffs' Complaints in both actions seek damages that emanate in whole or in part from specific facts regarding the Purchase Agreements and Rieke's purchase of Arminak LLC. (*See* Damages Lawsuit, case number 2:16-cv-03519 ("Damages Lawsuit"), ¶¶ 1-29; Defamation Lawsuit, case number 2:16-cv-03382 ("Defamation Lawsuit"), ¶¶ 7-15.) Thus, Plaintiffs' Complaints raise common factual issues with respect to the sale of Arminak LLC and the impact of the related agreements.

The parties are also highly similar. Helga and Armin Arminak are the only Plaintiffs in both cases, and both cases assert claims against Arminak LLC and Mark

---

[1] Roger Abadjian ("Abadjian") is a named Plaintiff in the Damages Lawsuit, case number 2:16-cv-03519. However, he dismissed his claims prior to removal.

[2] The two Purchase Agreements are: (1) the 2012 Purchase Agreement (Exhibit A to Damages Lawsuit Complaint), and (2) the 2014 Purchase Agreement (Exhibit E to Damages Lawsuit Complaint).

[3] Plaintiffs and former Plaintiff Abadjian entered into a total of six agreements in connection with Plaintiffs' sale of Arminak LLC: (1) the 2012 Purchase Agreement (Exhibit A to Damages Lawsuit Complaint); (2) Plaintiff Helga Arminak's 2012 Employment Agreement (Exhibit B to Damages Lawsuit Complaint); (3) Plaintiff Armin Arminak's 2012 Employment Agreement (Exhibit C to Damages Lawsuit Complaint); (4) Former Plaintiff Roger Abadjian's 2012 Employment Agreement (Exhibit D to Damages Lawsuit Complaint); (5) the 2014 Purchase Agreement (Exhibit E to Damages Lawsuit Complaint); and (6) Plaintiff Helga Arminak's 2014 Amended and Restated Employment Agreement (Exhibit F to Damages Lawsuit Complaint) (collectively "the Agreements").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Box ("Box"). Plaintiffs' Damages Lawsuit also asserts claims against Rieke, William D. Kent ("Kent"), David Pritchett ("Pritchett"), and Judy Baranowski ("Baranowski"), however, there are no unique claims asserted against these Defendants because the same claims are asserted against Box and/or Arminak LLC. All of the parties in the Defamation Lawsuit are also parties in the Damages Lawsuit.

Because all of Plaintiffs' claims arise out the sale of Arminak LLC and the related agreements, and the parties are highly similar, the Lawsuits should be consolidated. Moreover, they are subject to a mandatory New York forum selection clause, and both actions should be transferred to the Southern District of New York.[4]

## II. BOTH OF PLAINTIFFS' LAWSUITS ARISE FROM THEIR SALE OF ARMINAK LLC

### A. Plaintiffs' Damages Lawsuit - Case Number 2:16-cv-03519

Plaintiffs' Damages Lawsuit, case number 2:16-cv-03519, currently asserts six causes of action. (The Fifth and Eighth Causes of action were voluntarily dismissed on May 19, 2016.) The existing claims are for: (1) Declaratory Relief; (2) Injunctive Relief; (3) Violation of Business And Professions Code Section 17200; (4) Breach of Contract (Failure To Pay Bonus); (6) Breach of Contract (Failure To Pay Bonus); and (7) Intentional Infliction of Emotional Distress.

Plaintiffs' first three causes of action seek to invalidate the restrictive covenants stated in the 2012 Purchase Agreement. Plaintiffs' fourth and sixth causes of action seek damages for alleged breaches of their ancillary employment contracts with Arminak LLC, entered into as part of the sale of Arminak LLC, and Plaintiffs' seventh cause of action seeks damages for Defendants Kent, Pritchett, Box and Baranowski's purported "intentional infliction of emotional distress" during Plaintiff Helga Arminak's employment with Arminak LLC.

Thus, the Agreements are directly at issue in the Damages Lawsuit and an

[4] Defendants brought a Motion to Transfer Venue to enforce the New York forum selection clause. (*See* ECF Documents 18, 18-1, 18-2.)

understanding of the facts and terms of the sale of Arminak LLC, an interpretation of the Agreements, and an analysis of the enforceability of the restrictive covenants will be required to resolve Plaintiffs' claims.

**B. <u>Plaintiffs' Defamation Lawsuit - Case Number 2:16-cv-03382</u>**

Plaintiffs' Defamation Lawsuit, case number 2:16-cv-03382, asserts four causes of action: (1) Slander Per Se; (2) Invasion of Privacy (False Light); (3) Intentional Infliction of Emotional Distress; and (4) Injunctive Relief.[5] Plaintiffs' Complaint alleges: (1) in 2012, Plaintiffs and Abadjian sold 70% of Arminak LLC to Rieke (Complaint, ¶¶ 7-9); (2) in 2014, Plaintiffs and Abadjian sold the remaining 30% of Arminak LLC to Rieke (Complaint, ¶ 11); (3) Plaintiffs entered into employment agreements to stay on as executives following the sale of Arminak LLC (Complaint, ¶¶ 10, 12); and (4) in 2015, "certain disputes arose between Plaintiffs . . . and [Arminak LLC] . . . concerning the enforcement . . . of certain restrictive covenants" and compensation for the purchase of the remaining 30% of Arminak LLC in 2014 (Complaint, ¶ 15). Each of Plaintiffs' causes of action arises from these facts. (Complaint, ¶¶ 16, 31, 46, 51.)

In addition, as detailed in the recently filed Joint Report in the Defamation Lawsuit, Plaintiffs are claiming millions of dollars in damages from their alleged "lost profits" from the alleged defamation because they "will not be able to do business" with certain businesses due to the purported slander. (*See* Defamation Lawsuit Joint Report, section V(A).) In the Damages Lawsuit, however, Plaintiffs concede that they are subject to "certain restrictive covenants," including a covenant not to compete, which Arminak LLC and Rieke seek to enforce. (*See* Damages Lawsuit Complaint, ¶¶ 15, 21.) Therefore, the fact that Plaintiffs are admittedly subject to restrictive covenants is a key fact in defense of Plaintiffs' purported damages for the alleged slander. Plaintiffs cannot claim damages for purported lost profits that would have

[5] Defendants have moved to Dismiss the Defamation Lawsuit because it fails to state a claim upon which relief may be granted. *See* Arminak LLC and Box's Motion to Dismiss (Defamation Lawsuit ECF Document Number 9).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

resulted from communications with the same customers and manufacturers whom Plaintiffs are contractually prohibited from soliciting for business.

Thus, like the Damages Lawsuit, judicial interpretation of the facts and terms of the sale of Arminak LLC, an interpretation of the Agreements, and an analysis of the enforceability of the restrictive covenants will be required to resolve Plaintiffs' claims.

## III. CONSOLIDATION OF PLAINTIFFS' ACTIONS IS JUSTIFIED

A court may consolidate any actions that "involve a common question of law or fact." Fed. Rule Civ. Proc. 42(a). "The purpose of [Rule 42(a)] is to enhance trial court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures); and to avoid the substantial danger of inconsistent adjudications (i.e., different results because tried before different juries, or a judge and jury, etc.)." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-C, § 1:138. A district court has broad discretion to consolidate matters sharing common facts and questions of law. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "[T]ypically, consolidation is favored." *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984).

Plaintiffs' lawsuits involve common factual and legal issues including issues concerning: (1) Plaintiffs sale of Arminak LLC to Rieke for $110 million in a two part sale – 70% in 2012 and 30% in 2014 (Damages Lawsuit Complaint, ¶¶ 14, 20; Defamation Lawsuit Complaint, ¶¶ 7-9, 11); (2) the execution of the Purchase Agreements and the agreement to be bound by their terms (Damages Lawsuit Complaint, Exhibits A, E); (3) the restrictive covenants, including a covenant not to compete, as a term of the sale (Damages Lawsuit Complaint, ¶¶ 15, 18, 21, 25, Exhibits A-F; Defamation Lawsuit Complaint, ¶ 15); and (4) whether the restrictive covenants are valid and enforceable under Business and Professions Code § 16601 because they were agreed to in exchange for the goodwill of the sold business

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(Damages Lawsuit Complaint, ¶¶ 15, 21, Exhibit A, E).[6] Both of Plaintiffs' Complaints make it clear that their claims and allegations arise out of these common questions of law and fact. (*See* Damages Lawsuit Complaint, ¶¶ 1-29; Defamation Lawsuit Complaint, ¶¶ 7-15.)

Even if Plaintiffs' Complaints did not allege common facts regarding the sale of Arminak LLC, consolidation would be warranted because facts regarding the sale of Arminak LLC and the related agreements are necessary to the resolution of Plaintiffs' claims in both actions. In *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003), the court consolidated two actions alleging claims related to the enforcement of multiple patents because both actions "require[d] the Court to construe the terms" of patents and their validity, and the jury would need an understanding of underlying scientific facts and terms to determine the validity of the patents. Similarly here, both of Plaintiffs' Lawsuits require consideration of evidence regarding the facts and terms of the $110 million sale of Arminak LLC and an analysis of the provisions of the various agreements entered into as part of that sale. As such, Plaintiffs' actions should be consolidated. *See Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, 2011 WL 4965111, at *2 (C.D. Cal. Oct. 18, 2011) (Finding consolidation appropriate where there is an "overlap in facts.")

In particular, central to both of Plaintiffs' actions is the legal question of whether the restrictive covenants are valid and enforceable. Plaintiffs' Damages Lawsuit seeks to invalidate these restrictive covenants, and Plaintiffs' Defamation Lawsuit seeks damages for lost profits to which Plaintiffs would only be entitled if a court determined that the covenants were unenforceable. Thus, there is also a common legal question paramount to the claims and defenses in both actions.

"To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by

[6] As explained in Defendants' Motion to Transfer Venue (*see* ECF Documents 18, 18-1, 18-2), these issues should be determined by a New York court because Plaintiffs expressly agreed to a New York forum selection clause.

consolidation." *Paxonet Commc'ns, Inc.*, 303 F. Supp. 2d at 1028. Here, there is no risk of delay if Plaintiffs' actions are consolidated: (1) both cases are currently set for trial on the same day; (2) the pretrial deadlines in both cases are identical; (3) no discovery has been taken in either case; and (4) there are procedurally dispositive motions set for hearing on October 3, 2016 in both cases. There is also no risk of confusion because the parties are highly similar, and Plaintiffs are represented by the same law firm – the Law Offices of Barry K. Rothman – in both actions. In addition, and as stated above, the same issues must be addressed in both actions. Thus, consolidation would also eliminate the risk of inconsistent judgments regarding the interpretation of the Agreements and the enforceability of the restrictive covenants.

Plaintiffs will also not be prejudiced by the consolidation of their actions because they allege common questions of law and fact relating to the sale of Arminak LLC in their Complaints, and they assert claims against Arminak LLC and Box arising from those common questions of law and fact. Consolidation will not require Plaintiffs to address new issues or to consider additional parties. In addition, because Plaintiffs are represented by the same law firm in both actions, counsel is already aware of all of the issues and claims in both actions. "Unless the party opposing consolidation demonstrates prejudice that would result from consolidation, such a motion under Rule 42(a) will usually be granted." *Townsley v. Hydro Int'l LLC*, 2010 WL 3070387, at *2 (C.D. Cal. Aug. 2, 2010).

Finally, consolidation will eliminate the need for Arminak LLC and Box to defend multiple lawsuits arising from the same events. Consolidation will also preserve judicial resources and prevent the risk of inconsistent judgments by eliminating the need for the Court to consider the same evidence. Consolidating Plaintiffs' actions promotes efficiency, prevents unnecessary duplication and "avoid[s] the substantial danger of inconsistent adjudications." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-C, § 1:138.

///

**IV. BOTH OF PLAINTIFFS' LAWSUITS SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK**

As detailed in the currently pending Motion to Transfer in the Damages Lawsuit, Plaintiffs' claims in that case are subject to a mandatory New York forum selection clause:

> "For Disputes involving claims for more than $5,000,000 that the Parties . . . cannot resolve by negotiation and mediation . . ., the Parties agree to resolve such Disputes through litigation. The Parties further agree that all litigation shall be brought in either the state or federal courts located in New York, New York. Each party hereby consents to the personal and subject matter jurisdiction of such courts and agrees to accept service of process of any such disputes or disagreements initiated in such courts regardless of the state of such party's residence." (Exhibits A and E to Damages Lawsuit Complaint.)

The Defamation Lawsuit also alleges claims based upon the Purchase Agreements. (Damages Action Complaint, ¶¶ 1-29; Defamation Lawsuit Complaint, ¶¶ 7-15.) Moreover, and as explained above, Plaintiffs' claim for damages in the Defamation Lawsuit is subject to this mandatory forum selection clause because Plaintiffs allege lost profits that would have resulted from communications with the same customers and manufacturers whom Plaintiffs are contractually prohibited from soliciting for business. (*See* Damages Lawsuit Complaint, Exhibits A, § 9.2; Defamation Lawsuit Joint Report, section V(A).) Therefore, a legal interpretation of the Purchase Agreements, which are subject to the above stated mandatory New York forum selection clause, will also be required in Plaintiffs' Defamation Lawsuit. Accordingly, if this Court consolidates both of Plaintiffs' actions, it should also transfer both cases to New York pursuant to the forum selection clause.

Indeed, Plaintiffs expressly recognized the jurisdiction of the New York courts by filing their own lawsuit against Arminak LLC and Rieke in the Supreme Court of the State of New York asserting the same issues. It is appropriate for all of Plaintiffs' claims to be heard in New York, where Plaintiffs are actively litigating the same issues, and where discovery has begun. (*See* Damages Action ECF Documents 18-2,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

¶ 4; 35-1, Exhibit 1.) Thus, if this Court consolidates Plaintiffs' actions and grants Defendants' Motion to Transfer Venue (filed by Defendants in Plaintiffs' Damages Lawsuit), Plaintiffs will not be prejudiced. (*See* Damages Action ECF Document 35-1, Exhibit 1.)

Consolidating Plaintiffs' actions and transferring both actions to New York would promote judicial economy, avoid the risk of inconsistent judgments, and bring Plaintiffs' lawsuits within the jurisdiction of the same state where Plaintiffs are already activity litigating the same issues.[7]

## V. THE RELATED STATE COURT ACTION IS IRRELEVANT TO CONSOLIDATION

The Court's Scheduling Conference Order also asked the parties to take the related state court action into consideration. That action is currently pending in the Los Angeles Superior Court as *1350 Mountain View Circle I, LLC and 1350 Mountain View Circle II, LLC vs. Arminak & Associates, LLC*, case number BC615822. The individual Plaintiffs in both Lawsuits are not parties in the state court action, which asserts a breach of covenant claim related to the lease of the premises in which Arminak LLC operated its business from February 2012 through August 1, 2016. There has been significant written discovery propounded in the state court action, and the trial is currently scheduled for January 9, 2017.

Unlike the cases currently pending before this Court, the state court case does not allege facts or claims regarding the sale of Arminak LLC, the terms of the Purchase Agreements or the enforceability restrictive covenants. As such, the common questions of law and fact which unite Plaintiffs' Damages Lawsuit and

[7] To the extent that Plaintiffs attempt to raise issues of witness convenience, a court should not consider the convenience of witnesses when considering whether to enforce a valid forum selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581-2 (2013)( "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways": (1) "the plaintiff's choice of forum merits no weight"; (2) "arguments about the parties' private interests" should not be considered; and (3) "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiffs' Defamation Lawsuit do not pertain to the state court action. Defendants are also unaware of a procedural mechanism that would allow the Court to assert jurisdiction over the state court action. Moreover, the state court action was filed on April 4, 2016, and Arminak LLC filed an Answer on May 5, 2016. Thus, the time for removal has passed.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to consolidate Plaintiffs' lawsuits.

DATED: September 12, 2016 REED SMITH LLP

By: /s/ James L. Sanders
James L. Sanders
Carla M. Wirtschafter
Attorneys for Defendants
Arminak & Associates, LLC and Mark Box

REED SMITH LLP
A limited liability partnership formed in the State of Delaware