Barry K. Rothman, Esq. (SBN 47107)
Gordon J. Zuiderweg, Esq. (SBN 83101)
Email:   bkr@bkrlegal.com
Law Offices of Barry K. Rothman
1901 Avenue of the Stars, Suite 370
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Plaintiffs
Helga Arminak and
Armin Arminak

James L. Sanders (SBN 126291)
Email:   jsanders@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation,
William D. Kent, David Pritchett,
Mark Box and Judy Baranowski

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; and MARK BOX, an individual; and Does 1 through 10, inclusive, <br><br> Defendants. | Case Number: 2:16-cv-03382 JAK (SSx) <br> 2:16-cv-03519 JAK (SSx) <br><br> **JOINT REPORT RE MEDIATION** <br><br> Honorable John A. Kronstadt |

Per the Court's October 3, 2016 Minute Order, the Parties submit the following Joint Report regarding mediation.

## I. WHETHER A MEDIATION SESSION WITH MAGISTRATE JUDGE SEGAL OR A PRIVATE NEUTRAL WOULD BE PRODUCTIVE

### A. Plaintiffs' Position

Plaintiffs Helga Arminak and Armin Arminak believe that mediation before Magistrate Judge Segal or a private neutral would be productive.

The Court's tentative rulings and comments on October 3, 2016, gave the parties' new perspective into the consolidated cases, both substantively and procedurally. Plaintiffs believe that all parties may have a more realistic view of the cases. This new perspective has opened the way for further settlement discussions.

Defendants' counsel opines that, based on the results of previous settlement discussions, a mediation would not be productive. However, the parties have never had settlement discussions with the participation of a neutral or magistrate judge. Plaintiffs believe that the participation of a neutral or magistrate judge (particularly a magistrate judge) would focus the discussions. Further, a third party might see and suggest ways in which the settlement discussions could move forward.

During meet and confer discussions for this Joint Report Re Mediation, Defendants' counsel stated that Plaintiffs wish to nullify, alter, or change the restrictive covenants contained in the Purchase Agreement and Unit Purchase Agreement, that Defendants will not agree to that, and that, therefore, further discussions are pointless. Plaintiffs' counsel believes that this is incorrect. First, there are other matters at issue between the parties, for instance, the slander and the failure to pay bonuses. Second, as mentioned above, the Court's tentative rulings and comments on October 3, 2016, have given the parties new insights into this case. That new insight should extend to the issue of the restrictive covenants. It is time for the parties to once again address the issue. Third, the issue of the restrictive covenants has not been discussed by the parties with the participation of a magistrate judge or

private neutral.  Plaintiffs believe that discussion of the issue with such participation would be beneficial to all parties concerned.

Plaintiffs believe that a mediation in this matter should include the New York proceedings between the parties so that, if successful, the settlement arrived at would be global in nature and would resolve all issues between the parties.  Plaintiffs are aware that the inclusion of the New York proceedings would require the consent and stipulation of the parties.

### B.     Defendants' Position

Defendants Arminak & Associates, LLC ("Arminak LLC"), Rieke-Arminak Corporation ("Rieke"), Mark Box, David Pritchett, William D. Kent and Judy Baranowski (collectively "Defendants") do not believe that mediation would be productive.

On numerous occasions since February 2016, Defendants have attempted to reach a settlement with Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs") and their counsel, without success.  Among other things, because Plaintiffs are seeking to modify the restrictive covenants (Section 9.2 of the 2012 Purchase Agreement) that were negotiated as a part of the $110 million dollar sale of their business, each attempt to settle has failed.

The Parties have previously engaged in settlement discussions on the following occasions:

- On February 3, 2016, the Parties participated in an unsuccessful mediation with a private neutral in New York.  Plaintiffs were represented by Bryan M. Sullivan of Early Sullivan Wright Gizer & McRae LLP.  Defendants were represented by attorneys from Reed Smith LLP's New York office.
- On March 23, 2016, Joshua Sherbin (Vice President & Secretary of Arminak LLC and Rieke and General Counsel of TriMas Corporation) and Dave Wathen (former President and CEO of TriMas Corporation)

met with Plaintiff Helga Arminak, Mr. Rothman, counsel for Plaintiffs in the present case, and Motty Shulman, counsel for Plaintiffs in their New York action, in Bloomfield Hills, Michigan.

- In late April and early May 2016, Mr. Sherbin and Mr. Rothman had telephonic discussions regarding a potential settlement of Plaintiffs' lawsuits.
- On June 20, 2016, Defendant Mark Box (Manager of Arminak LLC) met with Plaintiff Helga Arminak. Mr. Rothman and Mr. Sherbin participated by phone.

In addition, since February 2016, the Parties have had numerous informal conversations regarding settlement and specifically the enforceability of the restrictive covenants. Each conversation has ended in the same impasse: Plaintiffs want to rewrite the restrictive covenant provisions to permit competition with Defendants; Defendants want to protect the goodwill of their $110 million purchase.

As Defendants have already spent a significant amount of time and money in attempts to resolve the issues between the parties, and the essential impasse between the parties involves Plaintiffs' desire to rewrite the restrictive covenants, Defendants do not believe that mediation will be productive.

## II. THE ANTICIPATED DATE OF WHEN THE PARTIES BELIEVE THE MEDIATION WILL BE COMPLETED

### A. Plaintiffs' Position

Plaintiffs believe that it would take approximately sixty days to complete the proposed mediation. There are a number of parties and counsel. This could complicate scheduling. Further, if a private neutral is utilized, the selection of the neutral could take some time. Further, if Magistrate Judge Segal is used for the mediation, the Magistrate Judge's calendar would of course have to be accommodated.

### B. Defendants' Position

Not applicable given Defendants' position on mediation.

## III. THE NAMES OF THE PARTIES WHO HAVE AGREED TO PARTAKE IN THE MEDIATION

### A. Plaintiffs' Position

Plaintiffs have agreed to mediation.

### B. Defendants' Position

Not applicable given Defendants' position on mediation.

## IV. WHETHER A FINAL RULING ON THE SUBMITTED MOTIONS WOULD BE PRODUCTIVE BEFORE OR AFTER SETTLEMENT EFFORTS HAVE BEEN COMPLETED

### A. Plaintiffs' Position

Plaintiffs believe that a final ruling on the submitted motions before the proposed settlement efforts would be productive. The final rulings on the motions would help define and narrow the outstanding issues between the parties, and, thus, facilitate the discussions.

### B. Defendants' Position

Not applicable given Defendants' position on mediation.

DATED: October 13, 2016     LAW OFFICES OF BARRY K. ROTHMAN

By: /s/ Gordon J. Zuiderweg
Barry K. Rothman
Gordon J. Zuiderweg
Attorneys for Plaintiffs
Helga Arminak and Armin Arminak

DATED: October 13, 2016     REED SMITH LLP

By: /s/ James L. Sanders
James L. Sanders
Carla M. Wirtschafter
Attorneys for Defendants
Arminak & Associates, LLC, Rieke-Arminak Corporation, William D. Kent, David Pritchett, Mark Box and Judy Baranowski

**ATTESTATION**

This certifies, pursuant to Local Rule 5-4.3-4, that all signatories to this document concur in its contents and have authorized this filing.

Dated: October 13, 2016                REED SMITH LLP

                                       By: /s/ James L. Sanders
                                           James L. Sanders