Kathyleen O'Brien (SBN 94218)
Email: kobrien@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation,
David Pritchett, and Mark Box and
Non-Parties David Wathen, Lynn
Brooks and Sharon Liu

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION a Delaware corporation; and MARK BOX, an individual; DAVID PRITCHETT, an individual, and Does 1 through 10, inclusive, <br><br>Defendants. | Case Number: 2:16-cv-03382 JAK (SSx) <br><br>**DISCOVERY MATTER DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE ARMINAK CORPORATION, DAVID PRITCHETT AND MARK BOX, AND NON-PARTIES SHARON LIU, DAVE WATHEN AND LYNN BROOKS NOTICE OF MOTION AND MOTION RE PROTECTIVE ORDER PURSUANT TO RULE 26(C) AND TO QUASH NON-PARTY SUBPOENAS PURSUANT TO RULE 45(D)(3) REGARDING:** <br><br>**(1) DEPOSITIONS OF NON-PARTIES SHARON LIU, DAVE WATHEN AND LYNN BROOKS; AND** <br><br>**(2) DEPOSITION LOCATION OF NON-PARTIES SHARON LIU AND LYNN BROOKS** <br><br>*[Filed Concurrently With Joint Stipulation, Declaration of Carla M. Wirtschafter, Declaration of Lynn Brooks; Declaration of David Wathen;* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:16-cv-03382 JAK (SSx) – 1 –
DEFENDANTS AND NON-PARTIES' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND
MOTION TO QUASH REGARDING NON-PARTY DEPOSITIONS AND THE LOCATION OF NON-PARTY
DEPOSITIONS

*and Declaration of Sharon Liu; and [Proposed] Order]*

Honorable Suzanne H. Segal

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No: 2:16-cv-03382 JAK (SSx) – 2 –
DEFENDANTS AND NON-PARTIES' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH REGARDING NON-PARTY DEPOSITIONS AND THE LOCATION OF NON-PARTY DEPOSITIONS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 4, 2017, at 10:00 a.m., or as soon as the matter can be heard in Courtroom 590 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett and Mark Box ("<u>Defendants</u>") and Non-Parties David Wathen ("Mr. Wathen"), Lynn Brooks ("Mr. Brooks"), and Sharon Liu ("Ms. Liu") (the "<u>Non-Parties</u>") will and do move, pursuant to Rules 26(c) and 45(d) of the Federal Rules of Civil for a Protective Order and for an Order Quashing the non-parties' deposition subpoenas: (1) barring the depositions of Mr. Wathen and Mr. Brooks on the grounds that they have no relevant information, the apex doctrine precludes their depositions, and it would be an undue burden to require them to appear for deposition; (2) barring the deposition of Ms. Liu on the grounds that she has no relevant information and it would be an undue burden to require her to appear for deposition; and (3) if this Court determines that Mr. Brooks and/or Ms. Liu must appear for deposition, requiring that each of their depositions occurs within 100 miles of where they reside, and are employed – in China and Florida respectively.

*First,* both Mr. Wathen and Mr. Brooks are entitled to a protective order pursuant to the "apex doctrine." Mr. Wathen is the former President and CEO of non-party TriMas Corporation, the indirect parent of Defendants Arminak & Associates, LLC and Rieke-Arminak Corporation. Mr. Brooks is the former President of Rieke, the parent entity of Defendants Arminak & Associates, LLC and Rieke-Arminak Corporation. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, No. 10CV2179-DMS MDD, 2012 WL 5373421, at *3 (S.D. Cal. Oct. 30, 2012) ("Courts consistently define apex employees as 'high-level corporate executives.'") "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-

<u>Case No: 2:16-cv-03382 JAK (SSx)</u>  – 1 –
DEFENDANTS AND NON-PARTIES' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH REGARDING NON-PARTY DEPOSITIONS AND THE LOCATION OF NON-PARTY DEPOSITIONS

repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple, Inc. v. Samsung Elecs. Co.*, Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012). Application of the apex doctrine here is required because: (1) Mr. Brooks was not even employed during the relevant time period; (2) neither of these non-party executives has any direct, first-hand knowledge relevant to the central issues in this case, much less the required "unique or superior knowledge of the facts in dispute" (Plaintiffs entitlement to a 2015 bonus or to salary and benefits through 2016, and the allegedly defamatory statements Plaintiffs contend Defendants made about Plaintiffs); and (3) Plaintiffs have made no effort to obtain the discovery they seek by less intrusive means and cannot demonstrate that it cannot be obtained from other sources. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374MMC(JL), 2007 WL 205067, at *4 (N.D. Cal. Jan. 25, 2007) ("[A]n essential component of the standard for an apex deposition [also requires demonstrating that the discovery sought is] unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees.")

Even if this Court determines that the apex doctrine does not require the issuance of a protective order, for all of the reason stated above and in Defendants' portions of the Joint Stipulation filed concurrently herewith, the non-party executive depositions should nonetheless be precluded because the non-party executives would be unduly burdened and annoyed if they were required to appear for deposition. "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. Proc. R. 45(d)(3)(A)(iv);  Fed. R. Civ. Proc. R. 26(c) (A "court may, for good cause, issue an order to protect a party or person from annoyance . . . or undue burden or expense.")

*Second,* Defendants and Ms. Liu seek a protective order on the grounds that requiring Ms. Liu to appear for deposition would be unduly burdensome and harassing. *See* Fed. R. Civ. Proc. R. 45(d)(3)(A)(iv); Fed. R. Civ. Proc. R. 26(c). Ms.

Case No: 2:16-cv-03382 JAK (SSx)        – 2 –
DEFENDANTS AND NON-PARTIES' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH REGARDING NON-PARTY DEPOSITIONS AND THE LOCATION OF NON-PARTY DEPOSITIONS

1 Liu is not an officer of either Defendant Associates or Rieke-Arminak and has no
2 authority to speak or act on their behalf; she did not work at Associates, did not
3 supervise or report to either Plaintiff and was not otherwise involved in Plaintiffs'
4 employment with Associates; and she has neither made nor has information relevant
5 to Plaintiffs claim that Defendants made the alleged defamatory statements identified
6 in ¶¶ 22 and 41 of the FAC. Moreover, there is no substantial need for Ms. Liu, who
7 lives and works in China, to appear for deposition because Plaintiffs can obtain the
8 same discovery through less intrusive means, including through the depositions of Mr.
9 Box and Mr. Pritchett, which are currently scheduled to appear for deposition in this
10 action on March 14 and 15, 2017.

11 *Third*, if this Court determines that Ms. Liu and Mr. Brooks are required to
12 appear for deposition, Defendants and the Non-Parties seek an order requiring
13 Plaintiffs to take these non-party depositions in compliance with Rule 45(c) – *i.e.*
14 within 100 miles from where Ms. Liu and Mr. Brooks live and work – China and
15 Sarasota, Florida, respectively. *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may
16 command a person to attend a . . . deposition only . . . within 100 miles of where the
17 person resides, is employed, or regularly transacts business in person.")

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

Case No: 2:16-cv-03382 JAK (SSx)       – 3 –
DEFENDANTS AND NON-PARTIES' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH REGARDING NON-PARTY DEPOSITIONS AND THE LOCATION OF NON-PARTY DEPOSITIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

This motion is made following the conference of counsel pursuant to L.R. 7-3 and 37-1 which took place between February 2, 2017 and March 13, 2017. This motion is based on this Notice; the Joint Stipulation, Declaration Carla M. Wirtschafter; Declaration of David Wathen; Declaration of Lynn Brooks; Declaration of Sharon Liu; the complete files and records in this action; matters that may be judicially noticed; and any oral or documentary evidence that may be presented at or before the hearing on this matter.

DATED: March 14, 2017                REED SMITH LLP

By: /s/ Carla M. Wirtschafter
Kathyleen O'Brien
Carla M. Wirtschafter
Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation, David
Pritchett, William D. Kent, Mark
Box and Judy Baranowski