Teri T. Pham (SBN 195894)
Email: tpham@enensteinlaw.com
Jennifer L. Johnson (SBN 313253)
Email: jjohnson@enensteinlaw.com
ENENSTEIN RIBAKOFF LA VINA & PHAM
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
Tel (310) 899-2070
Fax (310) 496-1930
Attorneys for Plaintiffs
Helga Arminak and Armin Arminak

Kathyleen O'Brien (SBN 94218)
Email: kobrien@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299
Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation,
Mark Box and David Pritchett and
Non-Parties Remeleen Penaflor and
Luis Cruz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; MARK BOX, an individual; DAVID PRITCHETT, an individual; and Does 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case Number: 2:16-cv-03382 JAK (SSx)<br><br>**DISCOVERY MATTER:**<br><br>JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 BETWEEN PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK AND DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, DAVID PRITCHETT AND MARK BOX REGARDING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF REMELEEN PENAFLOR AND LUIS CRUZ<br><br>Honorable Suzanne H. Segal<br>**Hearing**:<br>Date:　May 16, 2017<br>Time:　10:00 a.m.<br>Place:　Courtroom 590<br><br>Discovery Cut-Off: April 3, 2017 |

JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS RE PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF REMELEEN PENAFLOR AND LUIS CRUZ

1  ) Pretrial Conference: October 2, 2017
   ) Trial: October 17, 2017
2
3
4
5
6
7
8
9  _____
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS RE PLAINTIFFS'
MOTION TO COMPEL THE DEPOSITIONS OF REMELEEN PENAFLOR AND LUIS CRUZ

# **TABLE OF CONTENTS**

**Page**

I. Introduction.................................................................................................2
   A. Plaintiffs' Introductory Statement ....................................................2
   B. Defendants' Introductory Statement.................................................5
II. Issue No. 1: Whether Non-Parties Remeleen Penaflor and Luis Cruz Can Be Compelled to Appear for Deposition.........................................7
   A. Plaintiffs' Position ............................................................................7
   B. Defendants' Position.........................................................................8
       1. The Discovery Cut-Off Was April 3, 2017 And Plaintiffs Have Not Made Any Motion to Extend that Deadline…………….....8
       2. Plaintiffs Have Identified Both Ms. Penaflor and Mr. Cruz As Potential Witnesses Since the Inception of This Lawsuit………..8
       3. Plaintiffs' Deposition Subpoenas Were Not Properly Served …10
       4. Plaintiffs Should Be Sanctioned…………………………….....12

Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs") and Defendants Arminak & Associates, LLC ("Associates"), Rieke-Arminak Corporation ("Rieke-Arminak"), David Pritchett and Mark Box (collectively with Associates and Rieke-Arminak, "Defendants") hereby submit the following joint stipulation of disputed issues (the "Stipulation") in connection with Plaintiffs' Motion to Compel the Depositions of Non-Parties Remeleen Penaflor and Luis Cruz (collectively, "Non-Parties").

## II. Introduction

### a. Plaintiffs Introductory Statement

This is an action for breach of employment agreements and defamation brought by two former executives of Defendant Arminak & Associates, LLC. After forcing Plaintiffs' from their employment in violation of their written employment agreements, Defendants' refused to pay wages and compensation owed, and then began a campaign to defame and disparage Plaintiffs to their business affiliates and contacts in an attempt to prevent Plaintiffs from ever again working in the industry.

Defendants have taken tactic after tactic in order to delay discovery and keep Plaintiffs from rightfully pursuing their claim by seeking multiple protective orders, refusing to work with Plaintiffs on scheduling depositions, producing documents after depositions, and generally delaying response time. On March 23 and 24, 2017, Plaintiffs properly served notices and subpoenas for the depositions of Defendants' employees, Remeleen Penaflor and Luis Cruz, for March 30, 2017.However, Defendants have refused to produce these witnesses for deposition. Further, Defendants refused to even meet and confer regarding the depositions until April 3, 2017, after the discovery cut-off.[1] Ms. Penaflor and Mr. Cruz are former employees of Plaintiffs and current employees of Defendant Arminak & Associates, LLC, and

---

[1] Plaintiffs are concurrently seeking an extension of the discovery cut-off in this matter for the sole purpose of conducting these depositions in light of Defendants' refusal to produce them for deposition before the discovery cut-off.

are witnesses to the treatment alleged in Plaintiffs' complaint. Specifically Ms. Penaflor and Mr. Cruz have information regarding the complaints made by Helga Arminak about Defendants mistreatment and efforts to force Ms. Arminak out of the company. Because of Defendants' unnecessary delay and uncooperativeness in allowing Plaintiffs' to take the depositions of Ms. Penaflor and Mr. Cruz when these individuals clearly have relevant and discoverable information related to Plaintiffs' claims, this Court should compel the depositions of Remeleen Penaflor and Luis Cruz.

<u>Plaintiffs' Summary of Relevant Facts</u>

This is an action for breach of Plaintiffs' executive employment agreements for failure to pay bonus and compensation owed under the agreements and for defamation. Plaintiffs allege that they were forced out of their positions as President and Director of Engineering for Arminak & Associates, LLC, and not paid their bonuses and compensation due. (First Amended Complaint ("FAC") at ¶¶ 17-20 (Doc. 47).) Plaintiffs allege that Defendants' engaged in a pattern of harassment designed to undermine Plaintiffs' positions and create intolerable work conditions as well as engaged in unreasonable demands, deadlines, abusive emails, and required false conflation of numbers and invoices. (See FAC ¶ 17 (Doc. 47).) Plaintiffs also allege that Defendants engaged in a campaign to disparage, defame and impugn Plaintiffs' character and reputation after their termination. (FAC at ¶¶ 21-23 (Doc. 47).

Non-Parties Remeleen Penaflor and Luis Cruz were former employees of Plaintiffs' and are current employees of Defendant Arminak & Associates, LLC. (Declaration of Teri T. Pham, "Pham Decl.", ¶2.) Ms. Penaflor and Mr. Cruz were employed by Arminak & Associates, LLC during the relevant time periods alleged in Plaintiffs FAC. (*Id*.)

On March 23, 2017, during the deposition of non-party Roger Abadjian, Mr. Abadjian testified that Ms. Penaflor and Mr. Cruz have information relating to Plaintiffs' claims, and specifically relating to complaints Ms. Penaflor and Mr. Cruz made regarding the treatment they received at the hands of Defendants that was similar and related to the same treatment by Defendants of Plaintiffs, as alleged in Plaintiffs' FAC.  (Pham Decl., ¶3.)  After Mr. Abadjian provided his testimony on March 23, 2017, Plaintiffs immediately served Ms. Penaflor with a deposition subpoena at her place of work in Azusa, California and overnighted the notice to Defendants that same day.  (Pham Decl., ¶4, Exh. A.)  On March 24, 2017, Plaintiffs noticed the deposition of Luis Cruz and served Mr. Cruz with a deposition subpoena in Azusa.  (Pham Decl., ¶5, Exh. B.)  Both deposition subpoenas were served well before the discovery cut-off of April 3, 2017, and provided ample time in advance of the deposition dates of March 30 for both Ms. Penaflor and Mr. Cruz.  *See* Fed. R. Civ. Proc. 45(d)(3)(a)(i) (requiring subpoena provide a "reasonable" time for compliance); see also Fed. R. Civ. Proc. 30(b)(1) (requiring only "reasonable" notice in advance of a deposition); (Pham Decl., ¶4-5, Exhs. A-B.)

On March 24, 2017, Defendants informally objected to the depositions of Ms. Penaflor and Mr. Cruz.  (Pham Decl., ¶6, Exh. C.)  On March 29, 2017, Plaintiffs received formal objections to the deposition subpoenas of Ms. Penaflor and Mr. Cruz.  (Pham Decl., ¶7, Exhs. D-E.)  Also on March 29, 2017, Plaintiffs offered to meet and confer with Defendants regarding these depositions and to reschedule them to a mutually convenient date prior to the discovery cut-off.  (*Id*.)  On April 3, 2017, Defendants responded with additional objections and still refused to produce Ms. Penaflor and Mr. Cruz.  (*Id*.)

On April 5, 2017, Plaintiffs again reached out to Defendants to find a mutually convenient time to further discuss the depositions.  (Pham Decl., ¶8.)  The parties met and conferred a final time via telephone on April 6, 2017.  (*Id*.)

4

JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS RE PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF REMELEEN PENAFLOR AND LUIS CRUZ

Plaintiffs explained why the depositions of Ms. Penaflor and Mr. Cruz were necessary because new information was discovered at Roger Abadjian's deposition, bringing to light the need and relevancy of these Non-Parties' depositions. (*Id.*) However, the parties were unable to come to an agreement, necessitating this Joint Stipulation. (*Id.*)

Thus, Defendants have refused to produce Remeleen Penaflor and Luis Cruz for depositions despite the apparent relevance of their anticipated testimony to Plaintiffs' claims. Defendants' refusal to produce Ms. Penaflor and Mr. Cruz is just one more attempt to delay and prevent Plaintiffs from pursuing their valid claims.

### b.    Defendants' Introductory Statement

Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs") have had a year to identify key witnesses, take depositions and complete discovery. Now, weeks after the discovery deadline has passed,[2] Plaintiffs seek to compel the depositions of two non-party witnesses – Remeleen Penaflor and Luis Cruz – based solely on their claim that they did not learn that these non-party witnesses had relevant information until the March 23, 2017 deposition of Roger Abadjian. As further explained below, this statement is false.

*First,* Mr. Abadjian is Ms. Arminak's brother and Mr. Arminak's brother-in-law, served as an executive at Arminak & Associates, LLC and worked closely with Plaintiffs during all relevant times. Mr. Abadjian also was a *named* plaintiff at the time this lawsuit was commenced.[3] Any information disclosed during his deposition was information that Plaintiffs either already knew or could have known at the time they commenced this litigation. Plaintiffs' effort to characterize Mr. Abadjian's

---

[2] Although Plaintiffs purport to simultaneously extend the discovery deadline with this motion, Plaintiffs have not properly met and conferred about a motion to extend the discovery deadline. To date, Defendants have not received any Joint Stipulation, as required by Local Rules 37-1 to 37-4, from Plaintiffs about this issue. (Wirtschafter Decl., ¶ 18.)

[3] Mr. Abadjian filed a Request for Dismissal on May 18, 2016.

testimony as "new" information is misleading and is not credible. *Second,* Plaintiffs identified both Ms. Penaflor and Mr. Cruz in their Initial Complaint, filed on April 19, 2016 (when Mr. Abadjian was a party and nearly a year *before* the discovery cut-off), as having knowledge of the claims alleged. Plaintiffs likewise identified Ms. Penaflor and Mr. Cruz as having knowledge of the claims alleged in their responses to written discovery served on February 28, 2017 (a month *before* the discovery cut-off). Similarly, Plaintiffs (and Defendants) identified both Ms. Penaflor and Mr. Cruz in their Rule 26(a) disclosures served on September 12, 2016. (Declaration of Carla M. Wirtschafter ("Wirtschafter Decl."), ¶¶ 2-5, 18, 20, Exhs. A-B, I-J.)

The fact is that Plaintiffs knew that Ms. Penaflor and Mr. Cruz might have potentially relevant information and even identified them in their initial complaint. Yet, they waited until ten days before the discovery cut-off to attempt to subpoena them for depositions and then sought to set those depositions on less than one week notice, which does not satisfy the "reasonable notice" requirement of Rules 30 and 45 of the Federal Rules of Civil Procedure. Plaintiffs' failure to address their own purported discovery needs in a timely manner is insufficient justification for their Motion to Compel Ms. Penaflor and Mr. Cruz to appear for deposition after the discovery cut-off.

Moreover, the subpoenas served upon Ms. Penaflor and Mr. Cruz are invalid because: (i) reasonable notice of the deposition dates was not provided; (ii) the witnesses were not personally served; instead, they were left at the front desk of their place of employment; and (iii) witness attendance fees were not tendered to either deponent.

Accordingly, Plaintiffs' motion should be summarily denied.

///

///

///

6
JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS RE PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF REMELEEN PENAFLOR AND LUIS CRUZ

### III. Issue No. 1.: Whether Non-Parties Remeleen Penaflor and Luis Cruz Should Be Compelled to Appear for Deposition.

#### a. Plaintiffs' Position

Plaintiffs are entitled to take the depositions of Non-Parties Remeleen Penaflor and Luis Cruz. Rule 37 generally permits motions to compel discovery. (Fed. R. Civ. P. 37(a)(1); *Martin v. City of Barstow* (C.D. Cal. 2015) No. EDCV132193ABSP, 2015 WL 12743596, at 1.) Pursuant to Rule 26(b)(1), a party is entitled to any discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Further, under Rule 26(b)(2), this Court has authority to alter the limits on discovery, thus this Court has authority to compel the depositions of Ms. Penaflor and Mr. Cruz.

Remeleen Penaflor and Luis Cruz are former employees of Plaintiffs. (Pham Decl., ¶2.) They also are currently still employees of Arminak & Associates, LLC. (*Id*.) Thus, Ms. Penaflor and Mr. Cruz were present at Arminak & Associates, LLC, and were witnesses to the conduct Plaintiffs allege in their FAC regarding the pattern of harassment designed to undermine Plaintiffs' positions and create intolerable work conditions as well as the unreasonable demands, deadlines, abusive emails, and required false conflation of numbers and invoices. (See FAC ¶ 17 (Doc. 47).) The knowledge of Ms. Penaflor and Mr. Cruz concerning Plaintiffs allegations was unclear until March 23, 2017, when Non-Party Roger Abadjian testified in his deposition taken by Defendants that Ms. Penaflor and Mr. Cruz had information directly relating to Plaintiffs' claims. (Pham Decl., ¶3.) Therefore, Ms. Penaflor and Mr. Cruz apparently have relevant information regarding Plaintiffs' claims.

Furthermore, the information of Ms. Penaflor and Mr. Cruz will be unique from past deponents as Ms. Penaflor and Mr. Cruz were actually present for the day-to-day issues at Arminak & Associates, LLC, that are the subject of this action and lodged their own complaints concerning the same conduct. (Pham Decl., ¶3.). The Federal Rules of Civil Procedure have created a broad right to discovery and it is apparent that Ms. Penaflor and Mr. Cruz have relevant information concerning Plaintiffs' claims; therefore Plaintiffs should be allowed to depose these witnesses.

### b. Defendants' Position

#### 1. The Discovery Cut-Off Was April 3, 2017 And Plaintiffs Have Not Made Any Motion to Extend that Deadline.

Plaintiffs' motion is consistent with their repeated attempts to circumvent the procedural rules governing discovery in this matter. Here, Plaintiffs seek to bypass the local rules by attempting to compel further discovery before moving to extend the discovery cut-off date. For this reason alone, Plaintiffs' motion should be denied.[4]

#### 2. Plaintiffs Have Identified Both Ms. Penaflor and Mr. Cruz As Potential Witnesses Since the Inception of This Lawsuit.

Plaintiffs' attempt to depose Ms. Penaflor and Mr. Cruz at this late juncture is based on the claim that it was "unclear" that either individual had relevant knowledge of the facts and claims at issue until March 23, 2017, which is the date that Mr. Abadjian was deposed by Defendants. The facts demonstrate otherwise.

Mr. Abadjian was a named plaintiff in this lawsuit at the time it was commenced on April 19, 2016 and, in fact, the Initial Complaint identified Ms. Penaflor and Mr. Cruz as witnesses to the alleged wrongdoing at issue. (Wirtschafter Decl., ¶ 2, Exh.

---

[4] Notably, although not related to the issues presented in this Motion, Defendants timely issued a subpoena for records to Dr. John de Beixedon, the treating physician Plaintiffs identified in their discovery responses. Plaintiffs refuse to comply with the subpoena because the deadline for fact discovery has passed. (Wirtschafter Decl., ¶¶ 12-13, Exhs. E-F.) Here, Plaintiffs seek to ignore the discovery cut-off because it serves their interests. Such gamesmanship should not be countenanced by the Court.

A, ¶¶ 17, 32.) Coupled with the fact that Mr. Abadjian is Ms. Arminak's brother (and Mr. Arminak's brother-in-law) and worked closely with Plaintiffs as an executive of Arminak & Associates, LLC during all relevant time periods, there simply is no excuse for Plaintiffs' claimed "ignorance" of Ms. Penaflor and Mr. Cruz's knowledge.

Plaintiffs' arguments are further undermined by the following facts:

- Plaintiffs themselves identified Ms. Penaflor and Mr. Cruz as persons with knowledge in their discovery responses served on February 28, 2017. (Wirtschafter Decl., ¶ 3, Exh. B, Plaintiffs' Responses to Interrogatory Nos. 1, 3.);

- Plaintiffs and Defendants identified Ms. Penaflor and Mr. Cruz as persons with knowledge in their respective Rule 26(a) disclosures served on September 12, 2106 (Wirtschafter Decl., ¶ 20, Exhs. I-J);

- Plaintiffs' counsel, Ms. Pham, represents Mr. Abadjian, and was served with a copy of his deposition subpoena on February 13, 2017, more than six weeks before the discovery cut-off and, thus, clearly had access to any information disclosed during his deposition (Wirtschafter Decl., ¶ 4);

- Ms. Pham deposed non-parties William D. Kent and Judy Baranowski on March 2 and 3, 2017, about email communications in which both Mr. Cruz and Ms. Penaflor were identified. (Wirtschafter Decl., ¶ 5);[5] and

- Prior to Mr. Abadjian's March 23, 2017 deposition (on February 22, 2017, March 2, 2017 and March 9, 2017), Defendants produced more than 6,500 pages of documents which included numerous email communications to, from and copying Mr. Cruz and Ms. Penaflor. (Wirtschafter Decl., ¶¶ 5, 18, Exh. H.)

There simply were no surprises here and Plaintiffs' arguments otherwise should be

---

[5] Defendants have designated these documents confidential, and are simultaneously making an application to file them under seal.

rejected.

### 3. Plaintiffs' Deposition Subpoenas Were Not Properly Served.

The subpoenas served upon Ms. Penaflor and Mr. Cruz are procedurally deficient for three independent reasons: (i) reasonable notice of the deposition dates was not provided; (ii) the witnesses were not personally served; and (iii) witness attendance fees were not tendered.

*First,* a party who seeks to depose a person by oral questions must give "reasonable written notice to every other party" and "at least 10 days' notice is customarily expected," with more time needed, where, as here, the subpoena requires the production of documents.[6] The court must quash a subpoena that does not satisfy this "reasonableness" requirement. Fed.R.Civ.P. 45(d)(3).

Here, the subpoena purportedly served upon Mr. Cruz provided only six days' notice of his deposition. This is patently unreasonable, particularly because the subpoena contains a request for documents. (Declaration of Teri T. Pham, ¶ 5, Exh. B; Wirtschafter Decl., ¶ 9.)[7] *Guzman v. Bridgepoint Educ., Inc.,* No. 11-0069-WQH

---

[6] *See* Fed.R.Civ.P. 30(b)(1); *see also Mason v. Silva*, 2013 WL 2338720, at *1 (S.D. Cal. May 28, 2013); *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (finding 14 days' notice to be reasonable); *Pac. Mar. Freight, Inc. v. Foster*, 2013 WL 6118410, at *2 (S.D. Cal. Nov. 20, 2013) ("A number of cases have found ten days' notice reasonable for a deposition without production of documents"); *Lam v. City & Cty. of San Francisco*, 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011) ("A number of cases have held that, for a deposition without production of documents, ten days' notice is generally considered reasonable.")

[7] Plaintiffs' insufficient notice is particularly unreasonable here because despite the fact that Ms. Pham was in defense counsel's office while Ms. Penaflor's deposition subpoena was served, Plaintiffs neither advised Defendants of their intention to depose either Ms. Penaflor or Mr. Cruz, nor did they make any effort to select mutually convenient dates. (Wirtschafter Decl., ¶¶ 6-9.) Instead, Plaintiffs' purported to schedule those depositions for March 30, only one day after Defendants completed Plaintiffs' back-to-back depositions and on a date when Plaintiffs knew that Defendants would not have sufficient time to work with Mr. Cruz to search for documents or to meet with Ms. Penaflor and Mr. Cruz to prepare for their depositions. (Wirtschafter Decl., ¶ 10.)

WVG, 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[I]f a deponent must produce documents at the deposition, then 'the notice must comply with the thirty-day notice under Rule 34.'")

*Second,* Rule 45 requires personal service of a non-party subpoena. Substitute service is not permitted. *See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F (The federal rules for substituted service provisions do not apply to subpoenas … because Rule 45(b)(1) requires delivery "to the named person …"); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (finding that leaving deposition subpoenas "at the mail room" or "with support staff" to be a clear violation of Rule 45(b)(1)).[8] Here, the subpoenas were left in an envelope at the front desk at Ms. Penaflor's and Mr. Cruz's place of employment and, thus, were not properly served.

*Third*, failure to simultaneously tender witness fees invalidates the service. *See CF & I Steel Corp. v. Mitsui & Co. (USA)* 713 F2d 494, 496 (9th Cir. 1983) ("[T]he plain meaning of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena"); *In re Dennis* (5th Cir. 2003) 330 F3d 696, 705 ("When the subpoenaing party makes no attempt to calculate and tender at least a reasonably estimated mileage allowance, he plainly violates rule 45(b)(1)."). Thus, even if Plaintiffs' had timely served Ms. Penaflor and Mr. Cruz (which they did not), their failure to tender witness fees renders the subpoenas at issue invalid.

Given the procedural defects in the subpoena, Plaintiffs' motion should be denied.

---

[8] *See also Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) (stating that "personal service [i]s required by F.R.C.P. 45(b)(1)"); *Alexander v. California Dep't of Corr.*, No. 2:08-CV-2773, 2011 WL 1047647, at *6 (E.D. Cal. Mar. 18, 2011) ("[T]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required").

### 4. Plaintiffs Should Be Sanctioned

Plaintiffs have already been admonished by this Court for their discovery abuses (s*ee* ECF Document No. 67), and this motion, including Plaintiffs' counsel's representations concerning purported "new" information, is yet another example of Plaintiffs' disregard of their obligations under the discovery rules and their duty of candor to the Court. Plaintiffs' baseless motion is an imposition on the Court's time and Defendants have incurred unnecessary legal fees opposing it. As such, sanctions are justified. (Wirtschafter Decl., ¶¶ 2-20, Exhs. A-J.) *See In re GTI Capital Holdings, LLC,* 399 F. App'x 236 (9th Cir. 2010) (awarding sanction where the moving party failed "to demonstrate that their motion to compel was "substantially justified.")

For these reasons, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, Defendants respectfully request this Court to award to Defendants sanctions, costs and expenses in an amount to be calculated at a later time.

DATED: April 21, 2017        ENENSTEIN RIBAKOFF LAVIÑA & PHAM

By: /s/   Teri T. Pham_____
Teri T. Pham
Jennifer Johnson
Attorneys for Plaintiffs
Helga Arminak and Armin Arminak

DATED: April 21, 2017        REED SMITH LLP

By:   /s/   Carla M. Wirtschafter_____
Kathyleen O'Brien
Carla M. Wirtschafter
Attorneys for Defendants
Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, and Mark Box and Non-Parties Remeleen Penaflor and Luis Cruz