# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; MARK BOX, an individual; and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 19 2016

Sherri R. Carter, Executive Officer/Clerk
By Jacqueline Gonzalez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court, Pomona Courthouse South
400 Civic Center Plaza, Pomona, California 91766

CASE NUMBER:
*(Número del Caso):* KC068377

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barry K. Rothman, Law Offices of Barry K. Rothman
1901 Avenue of the Stars, Suite 370, Los Angeles, California 90067, (310) 557-0062

DATE: APR 19 2016    SHERRI R. CARTER    Clerk, by J. GONZALEZ, Deputy
*(Fecha)*                                 *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

CASE ASSIGNED FOR ALL PURPOSES TO JUDGE D. OKI DEPT "J"

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.JuriSearch.com*

LAW OFFICES OF
**BARRY K. ROTHMAN**
1901 AVENUE OF THE STARS
SUITE 370
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: (310) 557-0062
TELECOPIER: (310) 557-9080

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 19 2016

Sherri R. Carter, Executive Officer/Clerk
By Jacqueline Gonzalez, Deputy

State Bar No. 47107

Attorneys for Plaintiffs Helga Arminak and Armin Arminak

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

KC068377

HELGA ARMINAK, an individual; and ARMIN ARMINAK, an individual;

    Plaintiffs,

vs.

ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; MARK BOX, an individual; and Does 1 through 10, inclusive,

    Defendants.

CASE NO.
(UNLIMITED CIVIL CASE)

**COMPLAINT FOR:**
1. **SLANDER PER SE;**
2. **INVASION OF PRIVACY (FALSE LIGHT);**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
4. **INJUNCTIVE RELIEF.**

CASE ASSIGNED FOR ALL PURPOSES TO JUDGE D. OKI DEPT. "J"

Plaintiffs Helga Arminak and Armin Arminak allege as follows:

## COMMON ALLEGATIONS

1. Plaintiff Helga Arminak is and, at all times mentioned herein, was an individual residing in the County of Los Angeles, State of California.

2. Plaintiff Armin Arminak is and, at all times mentioned herein, was an individual residing in the County of Los Angeles, State of California.

3. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Arminak & Associates, LLC, is and, at all times mentioned herein, was a limited

1

COMPLAINT

liability company organized and existing under the laws of the State of Delaware, and is and was at all times mentioned herein doing business in the State of California. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Arminak & Associates, LLC, is engaged in the packaging industry. Defendant Arminak & Associates, LLC, is the successor in interest to Arminak & Associates, Inc., a California corporation. Arminak & Associates, Inc., was a cosmetics packaging business engaged in the design, manufacture, and supply of foamers, lotion pumps, fine mist sprayers, and other packaging solutions for cosmetics, personal care, beauty aids, and household products. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Arminak & Associates, LLC, is currently owned by TriMas Corporation, a Delaware Corporation which is a large publicly traded company, and that TriMas Corporation is the "Parent" of Defendant Arminak & Associates, LLC. At all times mentioned herein, Defendant Arminak & Associates, LLC, had offices at and conducted business at 1350 Mountain View Circle, Azusa, California 91702.

4. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Mark Box is and was, at all times mentioned herein, an executive vice-president for Rieke Corporation, an Indiana corporation, which is a TRiMas Company, and which is related in some way to Defendant Arminak & Associates, LLC. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Mark Box is and was, at all times mentioned herein, participating in the management and control of Defendant Arminak & Associates, LLC.

5. Plaintiffs do not presently know the names and capacities of the defendants sued herein as Does 1 through 10, inclusive. Plaintiffs will seek leave of court to amend this Complaint to allege said defendants' true names and capacities as soon as Plaintiffs ascertain them. Each of the Doe defendants is responsible in some manner for the occurrences herein alleged and for Plaintiffs' damages.

6. Plaintiffs are informed and believe and thereon allege that, at all times herein alleged, each of the Defendants named in these claims was the agent, employee, partner, co-venturer, and/or co-conspirator of each of the remaining Defendants, and, in doing the things herein

1 | alleged, was acting within the course and scope of such agency, employment, partnership, venture, and/or conspiracy, each with the permission, consent, or ratification of each of the other Defendants.

7. Plaintiffs Helga Arminak and Armin Arminak, and Roger Abadjian are and, at all times herein, were the owners of all of the issued and outstanding shares of HRA Holding Corporation, a California corporation. Prior to February 24, 2012, HRA Holding Corporation owned 99% of the membership interests of Arminak & Associates, Inc., a California corporation, and Defendant Arminak & Associates, LLC.

8. Plaintiffs Helga Arminak and Armin Arminak, and Roger Abadjian own and, at all times herein, owned all of the membership interests in NC Holding, LLC, a California limited liability company. Prior to February 24, 2012, NC Holding, LLC, owned 1% of the membership interests of Arminak & Associates, Inc., a California corporation, and Defendant Arminak & Associates, LLC.

9. On or about February 24, 2012, Rieke-Arminak Corporation, a Delaware corporation, as the buyer, and HRA Holding Corporation, as the seller, entered into a Purchase Agreement wherein Rieke-Arminak purchased 70% of the interest of HRA Holding Corporation in Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC.

10. Also on February 24, 2012, Plaintiffs Helga Arminak and Armin Arminak entered into Employment Agreements with Defendant Arminak & Associates, LLC, wherein Plaintiffs were each employed for compensation as "Executives" for Defendant Arminak & Associates, LLC. Plaintiff Helga Arminak was employed as President. Plaintiff Armin Arminak was employed as the Director of Engineering.

11. On or about March 11, 2014, Rieke-Arminak Corporation and Defendant Arminak & Associates, LLC, as buyers, and HRA Holding Corporation and NC Holding, LLC, as sellers, entered into the Unit Purchase Agreement, wherein Rieke-Arminak Corporation and Defendant Arminak & Associates, LLC, purchased the remaining 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC.

//

3
COMPLAINT

12. Also on or about March 11, 2014, Defendant Arminak & Associates, LLC, and Plaintiff Helga Arminak entered into an Amended And Restated Employment Agreement, which amended Helga Arminak's February 24, 2012 Employment Agreement, and further employed Plaintiff Helga Arminak for compensation as an "Executive" for Defendant Arminak & Associates, LLC.

13. In 2015, certain disputes arose between Plaintiffs Helga Arminak and Armin Arminak, on the one hand, and Defendant Arminak & Associates, LLC, on the other hand, concerning compensation to be paid for the 30% of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC, and concerning the enforcement by Arminak & Associates, LLC, of certain restrictive covenants in the Purchase Agreement, Employment Agreements, Unit Purchase Agreement, and Amended And Restated Employment Agreement.

14. Plaintiff Helga Arminak gave notice of her resignation of her position as President of Defendant Arminak & Associates, LLC, on or about January 7, 2016.

15. Plaintiff Armin Arminak gave notice of his resignation of his position as the Vice-President of Engineering of Defendant Arminak & Associates, LLC, on or about February 1, 2016, to be effective in thirty days as provided in the Employment Agreement. On or about February 4, 2016, in violation of the provisions of the Employment Agreement, Defendant Mark Box terminated Plaintiff Armin Arminak's employment with Arminak & Associates, LLC.

**FIRST CAUSE OF ACTION**

**FOR SLANDER PER SE**

**BY PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK AGAINST DEFENDANT ARMINAK & ASSOCIATES, LLC, DEFENDANT MARK BOX, AND DOES 1-5**

16. Plaintiffs incorporate by this reference each and all of the allegations contained in Paragraphs 1 through 15 above, as fully as though set forth at length herein.

17. From January 7, 2016 to the present, at 1350 Mountain View Circle, Azusa, California 91702, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5

have made multiple oral statements to employees of Defendant Arminak & Associates, LLC, with whom Plaintiffs had worked, that Plaintiffs were unreliable and irresponsible, that Plaintiffs were liars and cheats, and that the employees should not talk to Plaintiffs because Plaintiffs were going to sue the employees. The employees included but are not limited to the following: Sharon Liu; Remlen Penaflor; Gloria Navegas; Luis Cruz; Hassina Bengardi; Anthony Luna; and Hugo Benalcazar.

18. From January 7, 2016 to the present, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 have also made multiple oral statements to customers of Defendant Arminak & Associates, LLC, that Plaintiffs were unreliable and irresponsible and that Plaintiffs were liars and cheats. The customers included but are not limited to the following: L Brands; Dial Henkel; Colgate-Palmolive; Unilever; Conair; Rubbermaid; Apex; Kimberly Clark; Marietta; Clorox; and Kao.

19. From January 7, 2016 to the present, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 have also made multiple oral statements to manufacturers dealing with Defendant Arminak & Associates, LLC, that Plaintiffs were unreliable and irresponsible and that Plaintiffs were liars and cheats. The manufacturers included but are not limited to the following: Cheming; CL; and Dong Fang.

20. In or about February 2016, Defendant Mark Box orally stated to Martha Huiazar, who cleans both the premises of Defendant Arminak & Associates, LLC, and Plaintiffs' residence, that Plaintiffs could not be trusted, that Plaintiffs might sue her, that Plaintiffs had defrauded Defendant Arminak & Associates, LLC, and that anybody associated with Plaintiff Helga Arminak would be sued.

21. These statements were made through officers, employees, and/or agents of Defendant Arminak & Associates, LLC. Defendant Mark Box made these statements both as an individual and as an officer, employee, and agent of Defendant Arminak & Associates, LLC. Defendant Mark Box and Does 1-5 made the oral statements with the knowledge of Defendant Arminak & Associates, LLC, and Defendant Arminak & Associates, LLC, authorized the making of the oral statements by Defendant Mark Box and Does 1-5.

COMPLAINT

22. The employees, customers, and manufacturers to whom the oral statements were made and Martha Huiazar reasonably understood that the oral statements were about Plaintiffs Helga Arminak and Armin Arminak.

23. The employees, customers, and manufacturers to whom the oral statements were made and Martha Huiazar reasonably understood the oral statements to mean that Plaintiffs were unethical in their business conduct, that Plaintiffs lacked integrity, and that Plaintiffs were involved in criminal activity. The oral statements were defamatory on their face.

24. The oral statements were and are untrue. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 knew the oral statements to be untrue and/or failed to use reasonable care to determine the truth or falsity of the oral statements.

25. The oral statements were unprivileged and made without Plaintiffs' consent or prior knowledge.

26. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, made the oral statements with actual malice motivated by hatred and ill will towards Plaintiffs, and each of them. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, lacked reasonable grounds for belief in the truth of the oral statements and acted in reckless disregard of Plaintiffs' rights.

27. As a proximate result of Defendants making the oral statements as alleged above, Plaintiffs, and each of them, have been damaged as follows:

    a. Plaintiffs, and each of them, have suffered harm to their reputations;

    b. Plaintiffs, and each of them, have suffered harm to their business, trade, profession, and/or occupation;

    c. Plaintiffs, and each of them, have suffered shame, mortification, and hurt feelings; and

    d. Plaintiffs, and each of them, have suffered emotional distress.

28. The oral statements by Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, were a substantial factor in causing the above-mentioned harm to Plaintiffs, and each of them.

29. As a proximate result of Defendants making the oral statements as alleged above, and the resulting harm as set forth above, Plaintiffs Helga Arminak and Armin Arminak have suffered damages in an amount as yet unascertained, but in no case less than $1,000,000.00.

30. The conduct of Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, in making the oral statements as set forth above was willful, intentional, malicious, and despicable, done with intent to harm and damage Plaintiff Helga Arminak and Plaintiff Armin Arminak and was done with conscious disregard of their rights. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, acted with oppression, fraud, and malice. Said conduct justifies the awarding of punitive damages.

## SECOND CAUSE OF ACTION
## FOR INVASION OF PRIVACY (FALSE LIGHT)
## BY PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK AGAINST DEFENDANT ARMINAK & ASSOCIATES, LLC, DEFENDANT MARK BOX, AND DOES 1-5

31. Plaintiffs incorporate by this reference each and all of the allegations contained in Paragraphs 1 through 30 above, as fully as though set forth at length herein.

32. From January 7, 2016 to the present, at 1350 Mountain View Circle, Azusa, California 91702, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 have made multiple oral statements to employees of Defendant Arminak & Associates, LLC, with whom Plaintiffs had worked, that Plaintiffs were unreliable and irresponsible, that Plaintiffs were liars and cheats, and that the employees should not talk to Plaintiffs because Plaintiffs were going to sue the employees. The employees included but are not limited to the following: Sharon Liu; Remlen Penaflor; Gloria Navegas; Luis Cruz; Hassina Bengardi; Anthony Luna; and Hugo Benalcazar.

33. From January 7, 2016 to the present, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 have also made multiple oral statements to customers of Defendant Arminak & Associates, LLC, that Plaintiffs were unreliable and irresponsible and that

Plaintiffs were liars and cheats. The customers included but are not limited to the following: L Brands; Dial Henkel; Colgate-Palmolive; Unilever; Conair; Rubbermaid; Apex; Kimberly Clark; Marietta; Clorox; and Kao.

34. From January 7, 2016 to the present, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 have also made multiple oral statements to manufacturers dealing with Defendant Arminak & Associates, LLC, that Plaintiffs were unreliable and irresponsible and that Plaintiffs were liars and cheats. The manufacturers included but are not limited to the following: Cheming; CL; and Dong Fang.

35. In or about February 2016, Defendant Mark Box orally stated to Martha Huiazar, who cleans both the premises of Defendant Arminak & Associates, LLC, and Plaintiffs' residence, that Plaintiffs could not be trusted, that Plaintiffs might sue her, that Plaintiffs had defrauded Defendant Arminak & Associates, LLC, and that anybody associated with Plaintiff Helga Arminak would be sued.

36. These statements were made through officers, employees, and/or agents of Defendant Arminak & Associates, LLC. Defendant Mark Box made these statements both as an individual and as an officer, employee, and agent of Defendant Arminak & Associates, LLC. Defendant Mark Box and Does 1-5 made the oral statements with the knowledge of Defendant Arminak & Associates, LLC, and Defendant Arminak & Associates, LLC, authorized the making of the oral statements by Defendant Mark Box and Does 1-5.

37. The oral statements were and are untrue.

38. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 made the false statements to a large number of people, including employees of Defendant Arminak & Associates, LLC, customers of Defendant Arminak & Associates, LLC, manufacturers dealing with Defendant Arminak & Associates, LLC, and Martha Huiazar. The making of the statements to a large number of people created publicity in regard to Plaintiffs.

39. The publicity created by Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, placed Plaintiffs, and each of them, in a false light in the public eye, falsely portraying Plaintiffs as unreliable and irresponsible, as liars and cheats, and as someone who would

sue persons with whom they had once worked. The publicity created by Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, placed Plaintiffs, and each of them, in a false light in the public eye, falsely portraying Plaintiffs as unethical in their business conduct, as lacking integrity, and as being involved in criminal activity.

40. The publicity created by Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, was offensive and objectionable to Plaintiffs and to a reasonable person of ordinary sensibilities because it made Plaintiffs the object of shame and ridicule.

41. The publicity created by Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, was done with malice in that it was made either with knowledge of the falsity or in reckless disregard of the truth.

42. Despite their knowledge of the falsity of the statements, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5 continue to make the false statements and to generate the publicity placing Plaintiffs in a false light.

43. As a proximate result of Defendants making the oral statements as alleged above and generating the publicity as alleged above, Plaintiffs, and each of them, have been damaged as follows:

    a. Plaintiffs, and each of them, have suffered harm to their reputations;

    b. Plaintiffs, and each of them, have suffered harm to their business, trade, profession, and/or occupation;

    c. Plaintiffs, and each of them, have suffered shame, mortification, and hurt feelings;

    d. Plaintiffs, and each of them, have suffered emotional distress; and

    e. Plaintiffs, and each of them, have been the object of ridicule.

44. As a proximate result of Defendants making the oral statements as alleged above and generating the publicity as alleged above, and the resulting harm as set forth above, Plaintiffs Helga Arminak and Armin Arminak have suffered damages in an amount as yet unascertained, but in no case less than $1,000,000.00.

//

9

COMPLAINT

45. The conduct of Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, in making the oral statements and generating the publicity as set forth above was willful, intentional, malicious, and despicable, done with intent to harm and damage Plaintiff Helga Arminak and Plaintiff Armin Arminak and was done with conscious disregard of their rights. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, acted with oppression, fraud, and malice. Said conduct justifies the awarding of punitive damages.

## THIRD CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK AGAINST DEFENDANT ARMINAK & ASSOCIATES, LLC, DEFENDANT MARK BOX, AND DOES 1-5

46. Plaintiffs incorporate by this reference each and all of the allegations contained in Paragraphs 1 through 45 above, as fully as though set forth at length herein.

47. In acting as alleged above and making the false statements to the employees, the customers, the manufacturers, and Martha Huiazar, and generating the publicity placing Plaintiffs in a false light, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, intended to cause Plaintiff Helga Arminak and Plaintiff Armin Arminak, and each of them, emotional distress and/or acted with reckless disregard of the probability that Plaintiff Helga Arminak and Plaintiff Armin Arminak, and each of them, would suffer distress.

48. The making of the false oral statements to the employees, customers, and manufacturers and to Martha Huiazar and the generating of the publicity is extreme and outrageous conduct beyond all bounds of decency tolerated by society.

49. As a proximate result of the extreme and outrageous conduct of Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, Plaintiff Helga Arminak and Armin Arminak, and each of them, have suffered severe emotional distress including suffering, anguish, nervousness, worry, and shock. Thus, Plaintiff Helga Arminak and Plaintiff

Armin Arminak have been damaged by the extreme and outrageous conduct of Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, in an amount as yet unascertained but in no case less than $1,000,000.00.

50. The extreme and outrageous conduct of Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, was willful, intentional, malicious, and despicable, done with intent to harm and damage Plaintiff Helga Arminak and Plaintiff Armin Arminak and with conscious disregard of their rights. Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, acted with oppression, fraud, and malice. Said conduct justifies the awarding of punitive damages.

## FOURTH CAUSE OF ACTION
## FOR INJUNCTIVE RELIEF
## BY PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK AGAINST DEFENDANT ARMINAK & ASSOCIATES, LLC, DEFENDANT MARK BOX, AND DOES 1-5

51. Plaintiffs incorporate by this reference each and all of the allegations contained in Paragraphs 1 through 50 above, as fully as though set forth at length herein.

52. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, continue to make the false oral statements to employees of Defendant Arminak & Associates, LLC, with whom Plaintiffs had worked, that Plaintiffs are unreliable and irresponsible, that Plaintiffs are liars and cheats, and that the employees should not talk to Plaintiffs because Plaintiffs are going to sue the employees. Plaintiffs are also informed and believe and based on such information and belief allege that Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, continue to make the false oral statements to customers of Defendant Arminak & Associates, LLC, and to manufacturers who deal with Defendant Arminak & Associates, LLC, that Plaintiffs are unreliable and irresponsible and that Plaintiffs are liars and cheats. Plaintiffs are also informed and believe and based on such information and belief allege that

Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, continue to generate the publicity placing Plaintiffs in a false light.

53. Plaintiffs, and each of them, request injunctive relief against Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, to enjoin Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, from making the false oral statements and generating the false publicity.

54. The legal remedies of Plaintiffs are inadequate, and Plaintiffs will suffer irreparable harm in that, without injunctive relief, Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and each of them, will continue to make the oral statements to the employees, customers, and manufacturers and will continue to generate the publicity placing Plaintiffs in a false light, and Plaintiffs, and each of them, will continue to suffer harm as follows:

    a. Plaintiffs, and each of them, will continue to suffer harm to their reputations;

    b. Plaintiffs, and each of them, will continue to suffer harm to their business, trade, profession, and/or occupation;

    c. Plaintiffs, and each of them, will continue to suffer shame, mortification, and hurt feelings;

    d. Plaintiffs, and each of them, will continue to suffer emotional distress; and

    e. Plaintiffs, and each of them, will continue to be objects of ridicule.

55. Pursuant to the equitable powers of the Court, Plaintiffs, and each of them, request that Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and their employees, agents, and persons acting with them or on their behalf, be preliminarily and permanently enjoined from making the false oral statements or repeating them and from generating the publicity placing Plaintiffs in a false light.

//
//
//
//

COMPLAINT

WHEREFORE, Plaintiffs, and each of them, pray judgment against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION FOR SLANDER PER SE:

1. Compensatory damages according to proof but in no case less than $1,000,000.00;
2. For punitive damages according to proof in an amount to be determined by this Court and sufficient to punish Defendants;

ON THE SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY (FALSE LIGHT):

3. Compensatory damages according to proof but in no case less than $1,000,000.00;
4. For punitive damages according to proof in an amount to be determined by this Court and sufficient to punish Defendants;

ON THE THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

5. Compensatory damages according to proof but in no case less than $1,000,000.00;
6. For punitive damages according to proof in an amount to be determined by this Court and sufficient to punish Defendants;

ON THE FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF:

7. For a preliminary and permanent injunction enjoining Defendant Arminak & Associates, LLC, Defendant Mark Box, and Does 1-5, and their employees, agents, and persons acting with them or on their behalf, from making or continuing to make the false oral statements or repeating them, and from generating the publicity placing Plaintiffs in a false light;

//
//
//
//
//
//

13

COMPLAINT

ON ALL CAUSES OF ACTION:

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

Dated: April 18, 2016　　　　　　　　　　LAW OFFICES OF BARRY K. ROTHMAN

By _____
Barry K. Rothman, Esq.
Attorney For Plaintiffs Helga Arminak and Armin Arminak